Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7308 | **DATE** | 5/25/2000 |
| **CASE TITLE** | | USA vs. Tarkowski | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies the government's motion for an order in aid of immediate access.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 3 0 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 00 MAY 30 AM 8:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
vs. ) Case No. 99 C 7308
)
JOHN TARKOWSKI, )
)
          Defendant. )

**DOCKETED**

**MAY 3 0 2000**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On November 9, 1999, the government filed its complaint in this action, seeking an order pursuant to 42 U.S.C. §9604(e)(5)(B)(i) requiring defendant John Tarkowski to allow the Environmental Protection Agency to enter his property "to implement response actions in response to the release or threat of release of hazardous substances," and barring him from interfering with those actions.[1] The complaint alleged that a release of hazardous substances had taken place or was threatened on the property and stated that the EPA wished to fence the property; conduct sampling; dispose of various items, including drums, containers, compressed gas cylinders, asbestos materials, batteries, and contaminated fill material and soil; and sample excavated areas to verify that contaminants had been removed. The complaint also alleged that on September 30, 1999, the EPA had requested that Tarkowski permit it to have access to the property to conduct the response action and that Tarkowski had in effect refused this request.

---

[1] The property in question consists of the area behind Tarkowski's home in Wauconda, Illinois.



Contemporaneously with its filing of the complaint, the government filed a motion seeking an order in aid of immediate access, in which it requested all of the relief sought in the complaint. The Court conducted an evidentiary hearing on the government's motion. The hearing began in December 1999 and concluded in late March 2000, after the Court had appointed counsel for Tarkowski.

The government's motion required the Court to determine three issues: whether the EPA had a reasonable basis to believe that there may be a release or threat of a release of a hazardous substance; whether the EPA's request for access was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; and whether Tarkowski had interfered with the EPA's access to the property. *See* 42 U.S.C. §9604(e)(5)(B)(i). It was undisputed that Tarkowski had not permitted the EPA to enter his property to conduct the response action. *See* 3/30/00 Transcript at 5.

On March 30, 2000, the Court issued an oral ruling on the government's motion, which included the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a). The Court found that in large part, the EPA did not have a reasonable basis to believe that releases or threatened releases of hazardous substances within the meaning of the statute had occurred or might occur. Rather, the EPA had a reasonable basis to believe that there may be a release or threatened release of hazardous substances in only one respect: as to the presence of pesticides and certain metals in various areas of the soil. The Court found that the concentrations of these substances were very low and that "the evidence clearly establishe[d] that they [were] from consumer-type products and consumer-type use." 3/30/00 Transcript at 22. The Court concluded, however, that the statute does not provide an exception to the "reasonable basis"

2

standard for releases resulting from consumer use of products, and that it likewise did not provide an exception to that standard for *de minimis* concentrations. *Id.* at 22-23. And though the Court found that there had been no showing that the claimed contamination on Tarkowski's property affected interstate commerce, the Court rejected Tarkowski's argument that the government's actions violated the Commerce Clause of the United States Constitution, concluding that the statutory scheme as a whole bears a significant relation to interstate commerce and that the *de minimis* character of this particular instance was therefore of no consequence. *Id.* at 23-25.[2]

The Court concluded, however, that Tarkowski had demonstrated that the EPA's request for access was arbitrary and capricious and an abuse of discretion, in part because the evidence showed that the EPA had failed to follow its own established methods for determining when and whether a response action is necessary. *Id.* at 26-29. The Court therefore denied the government's motion for access.

In comments following the ruling, the Court stated that "I don't believe that that terminates the case. I cannot, I guess, rule out the possibility of additional testing, for example, of the water by the government as part of the discovery process or otherwise that conceivably could be argued as providing a basis for access." *Id.* at 29. Following the Court's invitation, the

---

[2] The Court has considered Tarkowski's renewed argument in this regard, based on the Supreme Court's recent decisions in *United States v. Morrison*, Nos. 99-5 & 99-29, 2000 WL 574361 (U.S. May 15, 2000) and *Jones v. United States*, No. 99-5739, 2000 WL 645885 (U.S. May 22, 2000), but neither of these cases alters the Court's previous analysis. In *Jones*, unlike in this case, the statute at issue, 18 U.S.C. §844(i), specifically requires that the individual structure in question be used in interstate commerce. And *Morrison* examined the effect on interstate commerce of the overall activity targeted by the statute in question, 42 U.S.C. §13981, not the particular incident that was at issue in that case.

3

government filed, on May 10, 2000, a second motion for an order in aid of immediate access. In this motion, the government states that it "considers the court's March 30, 2000 Order a final appealable order . . . ." Second Motion, ¶4. Despite this, the government's second motion seeks access to the property to conduct investigation and sampling, which "includes, but is not [to] be limited to, sampling the well water from the defendant's drinking water well, installing groundwater monitoring wells, sampling soil, wetland sediment and surface water, subsurface investigation including wetland delineation, sampling drums and containers, and any other sampling or investigation EPA deems necessary to determine the nature and extent of contamination at or from the Site," including the installation of temporary fencing. Second Motion, ¶10. The government's motion states that it is based on the evidence already introduced, see Second Motion, ¶7; though Tarkowski opposes the motion, he likewise has not asked to introduce additional evidence.

The Court denies the government's motion. First, the government's evidence does not establish that Tarkowski refused access to his property for the purpose now requested by the government. The request that the EPA made to Tarkowski in September 1999 that precipitated the filing of this action was significantly broader than the one the government now makes. In addition, as Tarkowski's counsel has pointed out, prior to the resumption of the evidentiary hearing on the government's first motion for access, Tarkowski offered to allow the government to conduct further testing, but the government did not accept the offer. Though Tarkowski has not agreed to the government's second motion for access, this is based in large part on his contention that the request cannot properly be made as part of the present action. Under ordinary circumstances, a request for access by the EPA is made directly to the property owner, not as part

4

of a case in litigation, but in accordance with procedures set forth in the statute. *See* 42 U.S.C. §§9604(e)(1)-(4) & 9604(e)(5)(A). Whether or not that is the exclusive mechanism by which such a request may be made, the Court concludes that the government has failed to establish that Tarkowski refused access to the property for the purposes sought in the government's second motion for access.

Second, the request for access in the government's second motion goes vastly beyond what would be called for by the Court's findings concerning the nature of the releases or threatened releases that the EPA has a reasonable basis to believe have occurred or may occur on Tarkowski's property. Though the government maintains that the Court lacks the authority to review what it refers to in its second motion as "EPA's planned removal action," the government has all along conceded that the Court does have the authority to determine – indeed that it must determine – whether the EPA's request for access is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. *See, e.g.,* United States' Second Pre-Hearing Brief (filed 3/27/00) at 1. That inquiry necessarily requires the Court to examine the nature of the government's planned actions in the context of the particular case. To illustrate, the fact that the EPA had a reasonable basis to believe that a single five gallon pail of a hazardous substance had been dumped on a square-yard corner of a 100-acre property by itself would not authorize it to excavate the entire 100 acres looking for buried drums; such a response would almost certainly be deemed to be arbitrary and capricious and an abuse of discretion. Though the government's current request is not so extreme, it extends far beyond, in several significant respects, investigation of the releases that the Court has found the EPA has a reasonable basis to believe have occurred or may be threatened. For example, the Court found that the EPA's

contention that buried drums might exist on the property constituted unsupported speculation – yet the government's second motion for access seeks to conduct "subsurface" (i.e., underground) examination for such items. Nor is there any indication that the EPA's activity would be limited to the particular areas of Tarkowski's property where the Court has concluded that the EPA has a reasonable basis to believe that a release within the meaning of the statute has occurred or may be threatened to occur.

The Court appreciates the fact that the government may have made the second motion for access largely because the Court in effect invited it to do so. But upon consideration of the second motion, and further reflection, the Court believes that its comments in this regard were made improvidently. Though the Court does not wish to preclude the EPA from seeking access to Tarkowski's property to conduct further testing, whether pursuant to its standard procedures or via an administrative warrant,[3] it believes that such requests should be made in some way other than as part of this case.

For the foregoing reasons, the Court denies the government's motion for an order in aid of immediate access.

Date: May 25, 2000

MATTHEW F. KENNELLY
United States District Judge

---

[3] The EPA presumably will bring the Court's rulings in this case to the attention of any judicial officer asked to approve a warrant or access to Tarkowski's property.

6