# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7308 | **DATE** | 3/25/2002 |
| **CASE TITLE** | USA vs. John Tarkowski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendant's petition for attorney's fees and expenses (54-1) and awards defendant attorney's fees of $84,834.73 and expenses of $10,318.29 for a total of $95,153.02. Payment is to be made directly to defendant's attorneys, the law firm of Mayer, Brown, Rowe & Maw, which will disburse to defendant's expert the sum of $7,907.50.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 26 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 74 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAR 2 6 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99 C 7308 |
| | ) | |
| JOHN TARKOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In November 1999, the government sued John Tarkowski under section 104(e) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §9604(e), seeking access to his property to investigate possible hazards and remove quantities of Tarkowski's property and other materials. Tarkowski prevailed in this Court and on appeal. *See United States v. Tarkowski*, 248 F.3d 596 (7th Cir. 2001). He then petitioned this Court under the Equal Access to Justice Act for an award of attorney's fees for the proceedings in this Court and in the Court of Appeals. The Court previously determined that the government's position in the case was not justified, thus warranting an EAJA fee award. *United States v. Tarkowski*, No. 99 C 7308, 2001 WL 1512539 (N.D. Ill. Nov. 26, 2001). Tarkowski has petitioned the Court for $103,795.83 in attorney's fees and $10,318.29 in expenses and costs.

An appropriate attorney's fee award under the EAJA is determined by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *See* 28 U.S.C. §2412(d)(2)(A); *Commissioner v. Jean*, 496 U.S. 154, 161 (1990) (citing *Hensley v. Eckerhart*,

461 U.S. 424 (1983)). The presumptive hourly rate under the EAJA is $125 per hour, but a higher rate may be used if there is an increase in the cost of living or a special factor such as the limited availability of qualified attorneys. 28 U.S.C. §2412(d)(2)(A). The Court will use an hourly rate of $138.25 for time spent in the year 2000 and $142.18 for time spent in 2001 and 2002. These rates were determined by using the annual Consumer Price Index for each of the years in question. *See generally Marcus v. Shalala,* 17 F.3d 1033, 1040 (7th Cir. 1994).

The Court appointed Tarkowski's primary counsel, Mark Ter Molen of the law firm of Mayer, Brown & Platt (now known as Mayer, Brown, Rowe & Maw), pursuant to the Court's Pro Bono program established by Local Rule 83.35. As we have previously held, the fact that counsel took on the case on a *pro bono* basis on behalf of an indigent defendant does not preclude an award of fees under the EAJA. *Tarkowski,* 2001 WL 1512539, at *1 (citing cases). Nor does the fact that we appointed Ter Molen preclude Tarkowski from seeking a fee award for other attorneys who assisted Ter Molen. There is no rule that an appointed attorney must handle a case on his own, irrespective of the circumstances; the question of whether fees should be awarded for the time spent by Ter Molen's colleagues presents an issue of reasonableness. In this case, for the reasons described below, it was reasonable for Ter Molen to bring on other attorneys to work with him on the case.

The government properly points out that the party seeking fees has the burden of documenting and supporting the reasonableness of the time expenditures for which compensation is sought. *Hensley,* 461 U.S. at 433. But an attorney "is not required to record in great detail how each minute of his time was expended"; the petitioning party's burden can be met by records which list the time spent and "identify the general subject matter of [counsel's] time

expenditures." *Id.* at 437 n.12. The Court finds that MBP's fee records, including some reconstructions made when the government challenged the adequacy of certain descriptions, are adequately detailed in that they permit the Court to determine what was done and by whom and whether the time was reasonably incurred. *See Harper v. City of Chicago Heights,* 223 F.3d 593, 605 (7th Cir. 2000) (use of reconstructed time records "does not doom" a fee petition).

In order to assess the reasonableness of the time claimed at each stage of the litigation, the Court charted the number of hours claimed by each attorney for each phase of the case. The chart is found in Appendix 1 to this Opinion. (The numbers are approximate, and may contain some errors; the Court made the calculations manually and did the best it could.) Counsel seek compensation for just over 300 hours for proceedings in this Court prior to the appeal, including 37 hours for pretrial proceedings (including discovery), 156 hours for trial preparation, 87 hours for the trial itself, and 20 hours for post-trial proceedings. They seek compensation for 325 hours for proceedings before the Seventh Circuit, including 20 hours for preparation of a notice of cross-appeal and jurisdictional statement; 165 hours for preparation of the appellee's brief and a jurisdictional memorandum requested by the Court of Appeals; 35 hours relating to a court-ordered settlement conference prior to oral argument; 93 hours for preparation and conduct of the oral argument; 7 hours post-argument relating to settlement; and 4 hours for review of the Court of Appeals' decision. Finally, counsel seek compensation for 107 hours relating to prosecution of the fee petition, including 36 hours for research concerning EAJA issues and preparation of the petition; 32 hours for briefing threshold legal issues; and 40 hours spent complying with Northern District of Illinois Local Rule 54.3, which requires detailed inter-party consultation to narrow issues relating to a fee petition.

3

A party petitioning for attorney's fees is also required to make a good-faith effort to exclude from the request time that is excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The Court finds that MBP has made a reasonable effort to apply such "billing judgment" to its fee request, having excluded time spent on legal research by law students working as "summer associates" which otherwise would be recoverable, striking time entries for multiple attorneys who appeared at status hearings, and making some further deductions following receipt of the government's objections. Counsel did not bill for excessive inter-attorney conferences, as sometimes happens when a fee petition is filed on behalf of multiple attorneys. Though, as will be seen, the Court believes that in certain respects the fee award should be reduced from the amount claimed, that does not mean that the fee petition was inherently unreasonable.

The time claimed for the proceedings before this Court which resulted in our ruling in Tarkowski's favor appears to the Court to be reasonable. The Court conducted a trial less than 90 days after we appointed Ter Molen. At the time of the appointment, the trial had already begun; counsel were required to review the prior proceedings and get up to speed quickly. They were required to research legal issues regarding the standard applicable to the Court's review of the EPA's proposed action – a hotly contested issue – and to review an extensive documentary concerning past proceedings and tests by performed by the EPA and state and local agencies. They retained and worked with an expert who rebutted several of the government's key assertions, and they effectively marshaled the evidence that tended to undercut the government's claims. At the trial, Ter Molen and his colleagues, Richard Bulger and Susan Brice, were impeccably prepared and put forth a stellar effort on behalf of Tarkowski. The time they spent,

4

in the particular circumstances of this case, was eminently reasonable. There does not appear to have been any appreciable duplication of effort; after initial preparation necessary to get up to speed, counsel appear to have divided up issues in a way that permitted them to prepare for trial quickly while minimizing overlap.

A small but appreciable part of the time spent on the proceedings in this Court involved counsel's research and advancing of the question whether the EPA's proposed action exceeded the federal government's power under the Commerce Clause of the United States Constitution. Though Tarkowski did not prevail on this point in this Court, and though the issue ultimately was not addressed on appeal because he prevailed on other grounds, the issue was a serious one that properly formed a part of Tarkowski's defense. The government cites no authority for the proposition that in determining the amount of EAJA fees to award to a prevailing defendant, a court should examine issue-by-issue the arguments raised by the defendant in opposing the government's claim, awarding attorney's fees only for the particular arguments on which the defendant succeeded. In defending against the government's claim, Tarkowski's counsel were obligated to raise legitimate defenses; this is not the equivalent of a legally distinct claim on which a prevailing party (generally a plaintiff) may not be entitled to recover fees. A court assessing an EAJA fee request is to "treat[ ] [the] case as an inclusive whole, rather than as atomized line items." *Jean,* 496 U.S. at 162. The argument was reasonably pursued by MBP in Tarkowski's defense, and accordingly the Court will not deny compensation for the research and litigation of the point.

With regard to the appeal, there are three aspects in which the Court finds that the fees claimed were excessive. First, slightly over 20 hours are claimed for preparation of a notice of

5

cross-appeal (concerning the Commerce Clause issue) and a jurisdictional statement arguing the propriety of a cross-appeal. Though the question whether a cross-appeal was appropriate arguably presented a difficult issue, the time devoted to research and preparation of the jurisdictional statement nonetheless was greater than was reasonably necessary to address the point. We will reduce by one-half (6.5 hours) the time spent by Brice on that work.

Second, the government argues that the time claimed for work relating to preparation for a settlement conference ordered by the Seventh Circuit is excessive. The Court agrees; Tarkowski has not justified the full 35 hours spent on the matter prior to argument or any of the 7 hours spent following argument. That said, counsel were required to prepare for and participate in the pre-argument conference even if it turned out that the government, as it notes, "offered nothing." Govt. Mem. at 4. We will reduce by two-thirds (24 hours) the time spent on the pre-argument conference and will eliminate the time spent following the conference and oral argument (7 hours), which appears to have been entirely unnecessary.

Third, Tarkowski has not shown that the 93 hours claimed for preparation and conduct of the appellate oral argument was reasonable. We agree with counsel that in light of the Seventh Circuit's written admonitions to attorneys preparing for argument, *see* Practitioner's Handbook for Appeals in the United States Court of Appeals for the Seventh Circuit, §XXIV(D) (2002), significant preparation was necessary. But that does not justify the equivalent of nearly twelve full eight-hour days. Having researched the factual and legal issues in preparing their brief, there was no need to reinvent the wheel to prepare for argument. Specifically, compensation for Brice's participation in preparing the argument (which was delivered by Bulger) has not been justified under the *Hensley* standard, and Bulger's time appears to be excessive. We will deny

6

compensation for the 14.75 hours spent by Brice and one-third of the 75 hours spent by Bulger. The resulting total for the argument and preparation phase – 53 hours – is about one-third of the time spent on the brief, and appears to the Court to be reasonable.

The Court will not reduce the time spent preparing the brief and a jurisdictional memorandum directed by the Seventh Circuit, approximately 165 hours altogether. There does not appear to have been unreasonable duplication of effort. Ter Molen's role appears to have been limited to giving direction and performing final edits; he billed only about 12 hours for this part of the litigation. The time spent by the attorneys appears reasonable for preparation of the brief in an appeal in a fact-intensive case in an area of the law in which the number of prior decisions was sparse, thus requiring serious consideration of policy arguments.

The result of these deductions is an award of compensation for 247.5 hours for the appeal, following deduction of 77.5 hours: 6.5 hours relating to the jurisdictional statement, 24 hours on the pre-argument settlement conference, 25 of Bulger's hours and 14.75 of Brice's hours connected with argument preparation, and 7.25 hours relating to post-argument settlement issues. Of this, we will award compensation for 190.5 hours at year-2000 rates and the remaining 57 hours at 2001-2002 rates.

Finally, the Court finds that the time claimed for litigation of the fee petition is excessive in certain respects. There is no justifiable reason why it should have taken counsel over 68 hours to prepare the petition and research and brief the necessary threshold issues; based on the Court's review of the petition and familiarity through other litigation of the time it takes to compile the necessary materials and conduct basic research, half that time should have sufficed. On the other hand, the time spent by Ter Molen, Bulger and Brice in complying with Local Rule 54.3 – a

7

procedure which requires the parties to confer and attempt to resolve differences – appears reasonable, in view of the number of disputes advanced by the government during that process. But the time spent by two attorneys who did not participate in earlier phases of the case, Susan Cowell and Jennifer Hagan, has not been justified and will be denied.

The result of these deductions is an award of compensation for 62 hours in connection with the fee petition (a reduction of 34 hours claimed by Bulger, 1.5 by Cowell and 9.5 by Hagan). All of the time on the fee petition will be compensated at 2001-2002 rates.

The Court has considered the government's remaining arguments and has found them to be without merit. The compensation for the attorney time that we have found was reasonably spent may be summarized as follows:

| Case stage | Attorney time | Hourly rate | Total |
| --- | --- | --- | --- |
| District Court | 300.75 | 138.25 | $41,578.69 |
| Seventh Circuit | 190.50 | 138.25 | $26,336.63 |
| | 57.00 | 142.18 | $8,104.26 |
| Fee petition | 62.00 | 142.18 | $8,815.16 |
| TOTAL | 610.25 | | $84,834.73 |

The government has not objected to any of Tarkowski's claimed expenses: $7,907.50 for the fees of the defense expert witness, and $2,410.79 in other outlays. The Court finds that these charges are reasonable and will include them in the award.

### Conclusion

For the reasons stated above, the Court grants defendant's petition for attorney's fees and expenses [docket item 54-1] and awards defendant attorney's fees of $84,834.73 and expenses of

8

$10,318.29, for a total of $95,153.02. Payment is to be made directly to defendant's attorneys, the law firm of Mayer, Brown, Rowe & Maw, which will disburse to defendant's expert the sum of $7,907.50.

                                                                                          _____
                                                                                          MATTHEW F. KENNELLY
                                                                                          United States District Judge

Date:   March 25, 2002

# APPENDIX 1 - BREAKDOWN OF ATTORNEY TIME CLAIMED

## District Court proceedings prior to appeal

| Attorney | Pre-trial proceedings (1/18/00 - 2/16/00) | Trial preparation (2/21/00 - 3/27/00) | Trial (3/28/00 - 3/30/00) | Post-trial proceedings (3/31/00 - 5/25/00) | Total |
|---|---|---|---|---|---|
| Ter Molen | 5.50 | 26.25 | 27.75 | 2.75 | 62.25 |
| Bulger | 13.75 | 63.75 | 28.50 | 16.50 | 122.50 |
| Brice | 17.75 | 66.50 | 30.50 | 1.25 | 116.00 |
| TOTALS | 37.00 | 156.50 | 86.75 | 20.50 | 300.75 |

## Proceedings in Court of Appeals

| Attorney | Initial procs. & jurisd. stmt. (6/1/00-6/28/00) | Prep. of brief / jurisd. mem. (7/7/00-12/1/00) | Settlement conf. & prep. (7/7/00-1/12/01) | Oral argmt. & prep. (2/1/01-2/14/01) | Settlement efforts (3/8/01-3/21/01) | Review of decision (4/18/01-4/23/01) | Total |
|---|---|---|---|---|---|---|---|
| Ter Molen | 2.50 | 11.75 | 8.50 | 3.75 | 0.75 | 1.00 | 28.25 |
| Bulger | 5.00 | 71.25 | 25.25 | 74.25 | 4.00 | 0.50 | 180.25 |
| Brice | 13.00 | 82.50 | 1.25 | 14.75 | 2.50 | 2.50 | 116.50 |
| TOTALS | 20.50 | 165.50 | 35.00 | 92.75 | 7.25 | 4.00 | 325.00 |

## Preparation and litigation of EAJA fee petition

| Attorney | Research / prep. of fee petition (4/30/01-8/27/01) | Briefing threshold legal issues (8/28/01-11/26/01) | Compliance with Local Rule 54.3 (11/27/01-3/17/02) | Total |
|---|---|---|---|---|
| Ter Molen | 0.25 | 1.25 | 0.25 | 1.75 |
| Bulger | 35.25 | 31.00 | 23.25 | 89.50 |
| Brice | 0.50 | 0.00 | 4.25 | 4.75 |
| Cowell | 0.00 | 0.00 | 1.50 | 1.50 |
| Hagan | 0.00 | 0.00 | 9.50 | 9.50 |
| TOTALS | 36.00 | 32.25 | 38.75 | 107.00 |